The next case on the docket is 514-0117, People v. Travion Hines. Mr. O'Neill and Ms. Camden. May it please the Court, Counselor, my name is Lawrence O'Neill and I represent Travion Hines in this case. This is a direct appeal for the denial of Mr. Hines' motion to withdraw a guilty plea. Mr. Hines pled guilty in an open plea agreement to the offense of aggravated battery of a pregnant person. In argument one, Mr. Hines argues that the plea was involuntary and must be vacated because the Court failed to comply with Supreme Court Rule 402 in entering the plea. The trial court is required to substantially comply with Rule 402. Here, because the Court failed to comply with five of the seven admonishment requirements of the rule, the Court did not substantially comply with the rule, rendering the guilty plea involuntary. First, under Rule 402-81, the Court shall inform the defendant and determine that he understands the nature of the charge. Here in the guilty plea, the Court informed Mr. Hines that he is charged with aggravated battery of a pregnant person. That was the Court's only mention of the charge. The Court did not mention or explain the elements of the offense. Admittedly, Rule 402 does not explicitly require the trial court to admonish the defendant regarding the elements of the offense before accepting the plea. In the Illinois Supreme Court, in People v. Robinson in 1976 and People v. Jackson in 2002, held that it is appropriate for the Court to inform the defendant of the nature of the charge by merely naming the offense. However, Robinson and Jackson must be revisited in light of the United States Supreme Court decision in 2005 in the case of Bradshaw v. Stumpf, where the Court held that a defendant who pleads guilty to a crime without being informed of the crime's elements does not meet the voluntary knowing and intelligence standard for a voluntary plea, and the plea is invalid. The Stumpf Court added that the Court can be excused from the requirement of personally informing the defendant of the elements of the offense if the record affirmatively shows that trial counsel had informed the defendant of the nature and elements of the offense to which the defendant was pleading guilty. In this case, the record does not show that either the trial court or the defense counsel informed Mr. Hines of the elements of the offense. Thus, under Stumpf, the constitutional requirements of a valid guilty plea were not met, and Robinson and Jackson are no longer valid under the U.S. Supreme Court's decision in Stumpf. Is this the first time you've raised this argument, this own appeal? The Stumpf argument, Your Honor? Yes. I don't believe so. I believe I have raised it before. I think it's been raised. It has been raised before. I'm just wondering, the state claims that some of your arguments are raised for the first time on appeal. Do you agree with that? I agree with that, Your Honor, and that is why in my brief I argued both that insufficient admonishments under 402 should be reviewed for plain error. And in argument two, I argued that, and I had an alternative in argument one, and I raised it fully in argument two, that defense counsel was ineffective for not setting forth these deficient admonishments in the motion to withdraw a guilty plea. But this particular argument that you just made, do you believe that that falls under the plain error review or not? Yes, Your Honor, yes. Thank you. So in addition to the elements of the offense, the trial court is required under Rule 402A.3 to inform the defendant and determine that he understands that he has a right to persist in his plea of not guilty. The trial court did not admonish Mr. Hines about this requirement. Third, the trial court failed to inform Mr. Hines that by pleading guilty, he waives the right to be confronted with the witnesses against him, as required by Rule 402A.4. The court also did not comply with Rule 402B in determining that the guilty plea was voluntary, where the court did not personally confirm the terms of the plea agreement with Mr. Hines. And the court did not ask Mr. Hines whether any promises apart from the agreement were used to obtain the guilty plea. Was this an open plea or was there an agreement? It was an open plea. Putting the promises aside for a moment. It was an open plea, Your Honor. So why would 402 apply? Doesn't it apply to a plea agreement? Yes, but the court is still required in a plea agreement under Rule 402 to comply with these admonishments. But my question is, in an open plea, does Rule 402, regarding the plea agreement, it seems inconsistent what we're saying. 402 talks about a plea agreement, and then you have this open plea, which is not an agreement. The defendant agreed to plead guilty. The 402 does not state that these admonishments are only required in a negotiated guilty plea. So your position is that because he agreed to plead guilty and there weren't any potential promises, just for the moment, putting that aside, the court is still bound under 402 to make sure that he understands an open plea? Yes, Your Honor. He has to understand he has a right to, by pleading guilty, he waives his right to confront the witnesses against him. No, I see that as a separate issue. Just talking about the plea now, because you've argued that it's other failures. So I was just wondering about the plea itself. Yes, Your Honor. Mr. Hines is entering into a guilty plea agreement to waive all these rights and to plead guilty to the offense. So even an open plea is so intertwined with what you're saying. Correct, Your Honor. Okay, so are you saying that under 402, as far as explaining any plea agreement or obtaining his consent to a plea agreement, that includes that there's no agreement as to the sentence? Correct. Is that what you're saying? In other words, the judge has to tell him there's no agreement as to the sentence? Correct, Your Honor. Correct. Okay. Yes. The point of 402 was enacted in order to assure the defendant pleads voluntary. I was looking here. The second sentence of 402B says, If the tendered plea is the result of a plea agreement, the agreement shall be stated in open court. If it's a plea agreement, it shall be stated. I mean, you argued in your brief that this part was not complied with. Correct. In an open plea situation, which I agree with Justice Cage, it's kind of confusing, okay, because you would I see. I understand. It would seem to me like that would not apply. So I'm trying to focus in on exactly what your argument is. Are you saying that that requires that the judge tell him there's no agreement as to your sentence? Well, I think that that rule 402B then goes on to say that the judge must personally It says the court, by questioning the defendant personally in open court, shall confirm the terms of the plea agreement or that there is no agreement. Well, correct, Your Honor. Okay. In an open plea. Correct. Read the next sentence. Okay. Well, I mean, yes, that's my argument. I mean, that's what your argument is. That's my argument. Exactly. The judge has to personally address the defendant in the terms of the plea agreement, in these terms of the plea agreement, that there's no agreement on a sentence. Okay. And he didn't do that here. And he did not do that. Okay. And I was confused by that, too. I had the same question from reading the briefs, and actually the state, I think, argued that it didn't apply. Correct. The state did not sign any authority that the court is not required to still personally address the defendant regarding the plea agreement. So, you know, I'm not aware of any authority to that regard. Okay. I didn't understand what it was you were saying the judge didn't do here, but I think I do now, so. Thank you, Your Honor. Right. Okay. So, in summary, you know, the trial judge is only required to have substantial compliance with the rule. But I've set forth five instances of the seven where I argue the judge was not in compliance with Rule 402. The cumulative effect of these deficiencies in the admonishments is that the judge failed to substantially comply with Rule 402, rendering the guilty plea involuntary. And I ask the court to reverse the judge's trial court's denial of the motion to withdraw a guilty plea and revamp the case in the trial. Thank you. Thank you. May it please the court. Counsel. Jennifer Camden on behalf of the people. With respect to the defendant's argument 1D, the discussion about the plea agreement or that there was no agreement, the language in the rule that says, is the plea the result of an agreement, I think contemplates that some pleas will not be the result of any side or separate agreement, that some pleas will not trigger this additional duty. And that was the thrust of the state's argument in the answer brief. I'd also note that the defendant doesn't cite any cases holding that open pleas trigger this duty. The cases that the defendant cites are negotiated plea cases, cases such as Dudley in which the terms of a negotiated plea agreement were not stated by the court or confirmed with the defendant. What about that next sentence? It says the court, by questioning the defendant personally in open court, shall confirm the terms of the plea agreement or that there is no agreement. And did the court do that here? Did the court say, you understand there's no agreement? I think that's what counsel, that's what Mr. O'Neill's arguing is that the court failed to say you have no agreement here. Yes, Your Honor. I believe that's true. I'd say that that second sentence that you read, I think, is contingent on the first sentence, if there is no agreement. Sorry, if the plea is the result of the sentence. This sounds like the judge has to do something either way. He's either got to confirm the agreement or he's got to tell him there's no agreement. Well, the defendant didn't cite any case law on that point. I've been reading the statute here and it's kind of hard to read it any other way, it seems like to me. But anyway. No, it's never been read that way. And, again, the defendant cited negotiated plea cases. I'd also suggest that in cases where there is no separate agreement as the sentence or something, that the meat of that is covered by Rule 402A's, or sorry, B's separate requirements, the court's required to determine whether forced threats or promises were used to obtain a plea. Obviously, if the plea was the result of an agreement, then there would be promises. And the court, in all cases, is required to ascertain that. So if this open plea triggered that negotiated plea duty, then in this case the people would argue that there's still no prejudice shown because the record shows that no promises were used to obtain the defendant's plea, not because the court asked about promises during the plea hearing, which was another point of error claimed by the defendant, but because the defendant filed a motion to withdraw a plea alleging that a promise was used to obtain his plea. And there was a hearing on that question. And the court found that no promise was, no separate promise as the sentence was used to obtain his plea. Separately, the defendant's argument as to the admonition about the elements, that's covered by or governed by the Illinois Supreme Court's decision in People v. Jackson from 2002. The Stumpf case did not change the law in Illinois. The most recent amendment to Rule 402 was in 2012. The Stumpf case was in 2005. And Rule 402 was not amended to incorporate any changes based on Stumpf. Even after Stumpf, the presumption announced in People v. Fuller continues to govern that there's a presumption that defense counsel told the defendant the elements of the charge. And that wasn't at issue in Stumpf because in that case, the defense attorney stated at the plea hearing that they explained the elements. So the question of whether that presumption continued to apply was never addressed in Stumpf. With regard to the other claims of error, the admonishment to be confronted with the witnesses against him and his right to persist in the not guilty plea, the People cited cases in the brief in which the failure to give those admonishments specifically did not result in withdrawal of the plea where there was overall substantial compliance where, for example, as in this case, there was an admonishment that the defendant would be waiving his right to a jury trial and there was an admonishment as to the nature of the charge. Let me ask you a question about that because the defendant, in his brief, sets out various admonitions that should have been given that weren't. And in your brief, you knock each one of those down separately saying, you know, even if you don't give that, it's substantial compliance. However, what about the cumulative effect of that? I mean, the standard is substantial compliance. Let's just take Mr. O'Neill's argument here. He says five out of seven weren't given. The fact that you can cite individual cases as to each of those doesn't really go to substantial compliance, does it? Or, I mean, to overall substantial compliance. I mean, let's say you gave no admonitions. Can you then cite cases that say this one isn't required, this one isn't required, and then say, you know, therefore, it's okay? Right. I mean, to me, that's the main argument here. And you dispose of it in two sentences in your brief, and you say, finally, defendant cannot show cumulative error because he's shown no error at all relying on these individual circumstances. And then you say, whereas here the alleged errors are not reversible individually, there generally is no cumulative error. I'm not sure that people versus Phillips case is a 402 case. But anyway, what about that? Go ahead. Well, first, as to the five out of seven, again, the people contest whether that duty to admonish as to the terms of the non-existent terms of the claim, whether that was a 402 error at all. People also question or challenge the elements claim, that first claim, because a 402 only requires that the nature of the charges be given. So I question whether it's five or three. But even as to those, the people in the brief do cite cases where there were multiple individual admonition failures and the substantial compliance was still found. Let's see, Doherty, the third district case from 2009, Belton, the first district case from 1980, that even where there are multiple admonition irregularities, substantial compliance can still be found. And it's also important to look at the specific facts of this case where the defendant, for example, had the right to persist in the not guilty plea. The record shows from the hearing at the motion to withdraw a plea, he described deliberating whether to plead guilty or go to trial. There's no question on this record that the defendant knew he didn't have to plead guilty, and that goes to prejudice. Also, the way that the court asked the defendant the question, he said, how do you wish to plead at this plea hearing? How do you wish to plead guilty or not guilty? Implying that the defendant had a choice. Because the defendant's familiarity with the criminal justice system as a whole, he obviously knew, as later confirmed by the hearing on the motion to withdraw a plea, that he had a choice whether to plead guilty or not guilty. That's what I wanted you to discuss a little bit more. How is the defendant prejudiced? We are under the plain error doctrine. Right. I don't think that the defendant was prejudiced, Your Honor. So you've cited as some information from the record now that says he contemplated whether to plead guilty or not guilty. The defendant. Yes. So where is the prejudice, do you think? I don't think that the defendant was prejudiced by the fact that the court didn't ask whether he understood that he had the right not to persist in his not guilty plea. I'm not sure I understand. Well, I'm wanting you to rebut their argument that somehow he was prejudiced. Can you do that? Right. Other than in your brief, obviously. Right. That he was prejudiced specifically with regard to the question about his right to persist in the not guilty plea, Your Honor? Let's see if I can be clear. We're talking about substantial compliance, and if Justice Stewart is right, if five out of seven, for example, is not substantial compliance, you still have the problem of plain error, correct? The defendant has the problem, yes. Right. The defendant still has that problem. Right. So from the state's perspective, even if there wasn't substantial compliance, do you think that rises to the level of plain error? No, Your Honor. I think that the – well, I mean, just the error at all. The defendant has to prove that withdrawal of the plea is necessary to correct a manifest injustice and that he was prejudiced. And one way to – one measure that a court uses to make that determination is whether there's a doubt as to the defendant's guilt or whether there's a defense that the defendant could raise that's apparent from the record. And here there is no doubt as to the defendant's guilt, and here there is no defense that it's apparent that he could raise from the record. In fact, he conceded that he, quote, put his hands on her. That's what I wanted to know. Thank you so much. Thank you, Your Honor. Okay, Mr. O'Neill. Rebuttal. And to the extent that you need to go over as much as you did, we'll refer to that. Thank you, Your Honor. Regarding the requirements of 402B to personally inform the defendant that there is no agreement, that is my position here. And counsel mentioned – excuse me, the defense counsel – the only reference to the plea agreement, what the agreement was, was defense counsel stated that the plea – we are here for Mr. Hines to plead guilty to an open plea. Now, Mr. – we cannot presume that Mr. Hines knew that that meant that there was no agreement on the sentence. That's why 402 specifically requires the judge to make that – to admonish the defendant in every regard. That was the only reference was from defense counsel stating that this was an open plea. We can't presume that the defendant knew what that meant in guarding the sentence. Second – An open plea could be considered a slang term that attorneys use. Exactly. I mean, that goes to the purpose of 402 and why that's in there. I mean, you know, just for that reason, we can't presume that the defendant would know what open plea means. So the rule imposes that burden on the trial court to admonish the defendant in that regard. Second, regarding the counsel's reference to Jackson and Robinson in the amendment to 402, not including the statement, the requirement that the judge inform the defendant of the elements of defense. In the statement, it's brief, argues that the trial court in this court could not change 402 and that the amendments did not address the elements of the offense. My position is I submit that Stumpf changed that, changed everything regarding that, and under Stumpf, the change that it made an affirmative duty for either the judge or the trial counsel to state on the record and explain the elements of the defense to the defendant. And if the record does not reflect that, then the guilty plea is involuntary, regardless of whether 402 specifically states that or not. And counsel refers to references that the defendant stated in the sentencing hearing of the motion withdrawal guilty plea that seemed to be admitted to the offense and that there was no prejudice for that reason. What the defendant states in the sentencing hearing does not relieve the trial court of the obligations of Rule 402 to admonish the defendant regarding his way to go, his rights, and he has a right to persistence plea of not guilty, and so on and so forth. What the defendant states in the sentencing hearing does not somehow excuse the trial court from complying with Supreme Court Rule 402. And considering the cumulative effect of the insufficient admonishments here, the trial court failed to substantially comply with the rule, and the guilty plea is involuntary. So my question is the same to you, and that is, you believe substantial compliance, failure of substantial compliance in and of itself rises to the level of plain error? Without anything more? You don't have to show anything more? Well, I cite, well, I'm also arguing effective assistance of counsel, which, you know, the prejudice is whether, if counsel were to raise those issues, there's a likelihood that the court would have vacated the guilty plea. But as far as, no, plain, I've cited cases that it's insufficient in 402 admonishments rises, is plain error, rises to the level of plain error. Which prominent plain error analysis? I've cited both of them, Your Honor, both of them. Both of the cases? Well, I mean, it's substantial. It's a structural, serious structural error. The court does not. Which doesn't require prejudice. That's true. That's true. Doesn't require showing of prejudice. True, yes. That's true. Okay. For all these reasons, I ask the court to vacate the guilty plea and amend the case for the trial. Thank you, Your Honor. Thank you. This matter will be taken under advisement, and then disposition will be issued in due course. Thank you, counsel.